## Harleysville Insurance Company v. Travelers Insurance Company

*James J. McEldrew*, for plaintiff.
*George S. Donze*, for defendant.

DOTY, *J.*, April 4, 1983—Harleysville Insurance Company brought suit in trespass against Travelers Insurance Company, assignee of the Assigned Claims Bureau of the Pennsylvania Insurance Department, for reimbursement of basic-loss benefits paid by Harleysville to George VanZandt. Travelers filed preliminary objections to plaintiff's claim and this court sustained said preliminary objections and dismissed plaintiff's claim. Plaintiff has now appealed to the Superior Court and this opinion is being written in accordance with this court's order.

## FACTS

The facts in this case, which do not appear to be in dispute, are as follows: On October 22, 1980, George VanZandt, a pedestrian, was struck by an uninsured motorist while crossing Roosevelt Boulevard and "C" Street, in the City and County of Philadelphia. As a result of being struck by the uninsured motorist, VanZandt was thrown into the path of a vehicle being operated by William T. McCready, Jr., a Harleysville insured, at which time VanZandt was struck a second time. VanZandt was not insured. Harleysville paid VanZandt basic-loss benefits and now claims that they were paid by mistake, and since Travelers was assigned the claim by Pennsylvania Assigned Claims Plan, Harleysville requests reimbursement from Travelers for the basic-loss benefits which they paid.

## ISSUES BEFORE THE COURT

Was Harleysville's insured a participant in the accident to such a degree that it became responsible for basic-loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act?

If Harleysville's insured was an active participant in the accident and, therefore, responsible for basic-loss benefits under the Pennsylvania No-fault Act, can it seek indemnification from any other insurance company for any other vehicle's involvement in said accident?

There is no question but that the Harleysville vehicle struck VanZandt and that basic-loss benefits were actually paid by Harleysville.

If Harleysville paid basic-loss benefits to VanZandt, whether mistakenly or unnecessarily, they have waived their right to claim that they had no liability and also their right to contribution unless the Travelers Insurance Company was a party of equal status as set forth in the provisions of the act.

Insofar as the question of whether or not Travelers may be required to indemnify to any degree Harleysville's payment to VanZandt, we would note that the Pennsylvania No-fault Act, 40 P.S. §1009.204(a)(4)(5) and 1009.2004(b) states, inter alia:

"(a)(4) An individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

"(5) Any other individual is the applicable assigned claims plan.

"(b) Multiple sources of equal property. If two or more obligations to pay basic-loss benefits apply equally to an injury under the priorities set forth in subsection (2) of this section, the obligor against whom a claim is asserted first shall process and pay the claim as if wholly responsible. Such obligor is thereafter entitled to recover contribution pro rate from any other such obligor for the basic-loss benefits paid and for the costs of processing the claim. If contribution is sought among obligors responsible under paragraph (4) of subsection (a) of this section proration shall be based on the number of involved motor vehicles."

Therefore, it would appear that Harleysville is primarily liable under subsection (a)(4), quoted above, and its right to contribution would only occur if defendant was a party of equal status.

In this situation, Harleysville and Travelers are not obligors of equal property in that under section 204(a)(4), Mr. VanZandt, as a pedestrian, is entitled to basic-loss benefits from the obligor, "covering any motor vehicle involved in such accident." In this situation, this would be Harleysville Insurance Company. Further, the provisions setting forth the assigned claims plan as the applicable security is subsection (a)(5). Under section 204(b) Harleysville and Travelers are not obligors of equal property and, therefore, Harleysville is obligated to pay the entire amount of basic-loss benefits due and owing Mr. VanZandt.

Plaintiff cities Tubner v. State Farm Insurance Company, 496 Pa. 215, 436 A.2d 621 (1981), as its authority for holding that the assigned claims plan is equally liable. The application of this case is misplaced in that in the present case uninsured-motor-

ist benefits are not involved and Tubner did not involve any interpretation of section 204(a) and (b) of the Pennsylvania No-fault Act, previously listed thereunder.

Therefore, based on all of the above, the order of this court dated February 2, 1983, is hereby affirmed.